## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| **WENDY BOHON** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **No. _____** | |
| | ) | | |
| | ) | **Judge _____** | |
| **v.** | ) | | |
| | ) | **Collective Action Complaint for** | |
| | ) | **Violations Of Federal Wage-and-** | |
| | ) | **Hour Law** | |
| | ) | | |
| | ) | **Jury Demand** | |
| **WHOLLY CHOW INC.,** | ) | | |
| **JEFF HUNTER** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## COMPLAINT

Plaintiff Wendy Bohon, (hereinafter "Plaintiff") brings this action for damages and other equitable relief for violations of the Fair Labor Standards Act ("FLSA") against Defendant Wholly Chow, Inc., (hereinafter "Defendant Wholly Chow") and Defendant Jeff Hunter (hereinafter "Defendant Hunter") (hereinafter collectively "Defendants"). Named Plaintiff files this lawsuit on her own behalf seeking relief for not receiving time and a half her regular rate of pay for hours worked in excess of forty hours per week in violation of 29 U.S.C. § §207 of the FLSA. In support of her claims, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.          This is an action to remedy Defendants' failure to pay Plaintiff one and half times her regular rate of pay for all hours worked over forty (40) hours in one week.

2.          Defendants violated the 29 U.S.C. § 207of the Fair Labor Standards Act ("FLSA"), that requires an employee receive compensation at a rate not less than one and half time their regular rate at which they are employed in excess of forty hours for a workweek.

3.          The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action and Plaintiff's claims arise under laws of the United States.

4.          Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action that occurred within this District and Defendants are located, reside, and/or do/did business in this District.

## PARTIES

5.          Plaintiff is an individual residing in Davidson County, Tennessee.

6.          Defendant Wholly Chow Inc., operates a restaurant located at 2948 Sidco Drive, Nashville, TN, 37204.

7.          Defendant Jeff Hunter is the registered agent for Defendant Wholly Chow that can be served at 110 Forest Place Circle, Nashville, TN 37215-3251.

8.          Defendant Hunter exercises management control over the operation of Wholly Chow restaurant and its employees and has responsibility for the day to day operations of the business, the hiring, firing, scheduling, and payroll practice of employees, and responsibility for FLSA compliance. He has actively engaged in business in the State of Tennessee and is subject to the personal jurisdiction of the State of Tennessee for the purposes of this lawsuit.

9.      Named Plaintiff brings this action for and on behalf of herself to remedy Defendants violations of 29 U.S.C. §207.  Specifically, she seeks to recover, for herself unpaid overtime compensation, an additional amount as liquidated damages, costs, expenses and attorneys' fees pursuant to 29 U.S.C. §216(b).  She also seeks any other legal or equitable relief to which she may be entitled.

## COVERAGE

10.      At all times material to this Complaint, Plaintiff was a covered employee of Defendants within the meaning of the FLSA.

11.      At all material times, Defendants have been an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. §203(a) of the FLSA.

12.      Defendants were Plaintiff's employer and served as joint employers during her tenure at the Wholly Chow restaurant.

13.      At all material times hereinafter mentioned, Defendants have been an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

14.      At all material times (the three years preceding the date this complaint is filed), each Defendant has acted in the interest of an employer or joint employer with respect to Plaintiff and the putative FLSA Class.

15.      At all material times hereinafter mentioned, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all material times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

17.     Defendant Jeff Hunter owned and operated Wholly Chow, Inc. As the owner/operator, Defendant Hunter set company policy, hired and fired employees, set employee schedules, directed employee duties, maintained and managed employee payroll, dispersed paychecks (or the equivalent), and disciplined employees.

18.     Plaintiff was employed as a cook starting around October 2015 and ending around April 2016.

19.     Plaintiff was interviewed and hired by Defendant Jeff Hunter.

20.     Defendants told Plaintiff her regular rate of pay would be fourteen dollars per hour ($14.00/hour).

21.     While employed by Defendants, Named Plaintiff routinely worked more than forty (40) hours per week.

22.     Until the final two weeks of Plaintiff's employment, Defendants paid Plaintiff $14.00 per hour for hours worked up to forty hour in a workweek.

23.     Until the final two weeks of Plaintiff's employment, Defendants paid Plaintiff $14.00 per hour for hours worked over forty hours in a workweek.

24.     Defendants failed to pay Plaintiff one and half times her regular rate of pay for hours over forty hours in a workweek.

25.     Plaintiff asked and complained to Defendant Jeff Hunter about not being paid overtime, and he said they did not pay overtime.

26.     Defendant failed to pay Plaintiff for all her time worked the last two weeks of work.

27.     Plaintiff contends she was shorted five hundred and forty-seven dollars and thirty-eight cents for the final two weeks of her employment ($547.38).

28.     Plaintiff contends that she worked 324.85 hours overtime, for which she did not receive the overtime premium.

29.     Plaintiff is seeking overtime backpay which is the difference between her proper overtime rate ($21.00 per hour) and the regular rate ($14.00 per hour) for each hour over forty hours per week.

30.     Plaintiff contends that she is owed $2,273.95 in overtime premium.

31.     Defendants were aware federal law required employees be paid time and half their regular rate of pay for hours worked in excess of forty hours per work week.

32.     Plaintiff is seeking an equal amount of her overtime backpay and unpaid wages as liquidated damages, plus attorneys' costs and fees.

33.     In total, Defendants owe Plaintiff $2,821.33 in backpay.

## COUNT I - FLSA VIOLATION

34.     All previous paragraphs are incorporated as though fully set forth herein.

35.     Defendants violated overtime provisions of the FLSA by depriving Plaintiff of proper overtime compensation for time she spent working in excess of forty per workweek.

36.     Defendants owe Plaintiff time and half her regular rate of pay for every hour she worked over forty hours in a workweek.

37.     Because Defendants did not pay Plaintiff any overtime compensation, Defendants did not satisfy their overtime wage obligations contained in the Fair Labor Standards Act, 29 U.S.C. § 207.

38.     Defendants knew or showed reckless disregard for the fact that they denied Plaintiff proper overtime compensation, and accordingly failed to pay her overtime at the required rates under the FLSA.

39.     The FLSA requires employers to pay their employees a statutory minimum wage and to pay overtime compensation at a rate not less than one and one-half times the employees' regular rate of pay. 29 U.S.C. §§ 206 and 207.

40.     Each paycheck that failed to include required wages constituted a separate statutory violation.

41.     For a period of three years prior filing of this complaint as part of its uniform business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff.

42.     Named Plaintiff, on behalf of herself seeks to recover the liability prescribed under FLSA, 29 U.S.C. §216(b), including back pay, liquidated damages and/or interest, and such other legal and equitable relief as the Court deems proper.

43.     Plaintiff, on behalf of herself, seeks recovery of attorneys' fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. §216(b).

44.     Defendants willfully violated the FLSA for the sole purpose of avoiding Defendants' FLSA obligations plaintiff.

45.     Defendants owe Named Plaintiff $2,821.33 in unpaid wages that she rightfully earned during her employment with Defendants.

46.     In addition, because Defendants' actions were willful and not in good faith, Named Plaintiff is entitled to full liquidated damages resulting in an award of $5,642.66.

## COUNT II - BREACH OF CONTRACT

47.     All previous paragraphs are incorporated as though fully set forth herein.

48.     Defendant agreed Plaintiff's regular rate of pay was fourteen dollars per hour.

49.     Defendant failed to pay Plaintiff fourteen dollars per hour for the last two weeks she worked.

50.     Defendant breached the contract by failing to pay Plaintiff the wages promised required by law.

51.     Plaintiff performed pursuant to the terms of the contract.

52.     Plaintiff notified Defendants of breach, but Defendants have refused to perform or remedy the breach.

53.     Plaintiff is entitled to recover compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

1.     A finding that Defendants have violated the FLSA;

2.     A finding that Defendants' violations of the FLSA were willful;

3.     Prejudgment interest to the fullest extent permitted under the law;

4.     Liquidated damages to the fullest extent permitted under the FLSA;

5.     Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and,

6.        Such other and further relief as this Court deems just and proper in equity and under the law.

7.        that a jury be impaneled to hear this cause of action at trial.

Respectfully submitted,

Yezbak Law Offices


***/s/ Charles P. Yezbak, III***_____
Charles P. Yezbak, III (#18965)
Daniel E. Arciniegas (AL Bar 7809D67A)*
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
yezbak@yezbaklaw.com
dea@yezbaklaw.com
*Supervised Practice, TN Bar Number Pending

*Attorney for Plaintiff*